SHEPHERD, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that the consent judgment contravenes state law and is legal only if it was a necessary remedy for a TCA violation. The majority, however, does not decide whether there was a TCA violation or whether ordering the Board to issue a conditional use permit is a necessary remedy for the violation. Instead, the majority vacates the consent judgment based on the conclusion that ordering the issuance of all additional permits is not a necessary remedy. I am troubled that this approach gives no guidance to the district court and unnecessarily delays the litigation, against the goals of the TCA. On remand, the district court can presumably adopt its previous findings in relation to the TCA violation and the conditional use permit, and we will be forced to revisit in the future the issues we could have addressed now. I would affirm the district court’s findings that there was a TCA violation and that ordering the issuance of a conditional use permit was a necessary remedy under the circumstances.
I also dissent from the majority’s conclusion that ordering the issuance of all additional permits is never a necessary remedy for the failure to approve a conditional use permit in violation of the TCA because I believe the conclusion is foreclosed by our rationale in USCOC of Greater Missouri. Ultimately, I agree we must remand because the consent judgment orders the issuance of “any other permits,” but I believe we must do so solely for the district court to determine whether requiring the issuance of these additional permits was a necessary remedy under the circumstances.
In USCOC of Greater Missouri, a different cellular company sued Franklin County also alleging that the Board’s denial of its conditional use permit constituted a TCA violation. USCOC of Greater Missouri, 636 F.3d at 928. The district court found a TCA violation, and on remand, the Board granted U.S. Cellular the conditional use permit. Id. at 928-29. Despite the Board’s approval, U.S. Cellular was still unable to build its cellular tower because Franklin County refused to sign the conditional use permit and issue the required building permits. Id. at 929. The district court, however, dismissed U.S. Cellular’s claims as moot, reasoning that they were directed solely at the Board’s denial of the conditional use permit, a decision which had been reversed. Id. We disagreed and held that U.S. Cellular’s claim remained viable because Franklin County continued to refuse to issue the requisite building permits for U.S. Cellular to begin construction of its tower. Id. at 930-31.
Critical to the holding in USCOC of Greater Missouri was our conclusion that limiting the district court to compelling only the issuance of the conditional use permit would undermine the congressional policy behind the TCA. The TCA is de *274 signed to balance facilitating the construction of wireless telecommunication towers with maintaining substantial local control over the siting of towers. Id. at 930 (quoting Omnipoint Commc’ns, Inc. v. City of White Plains, 430 F.3d 529, 531 (2d Cir. 2005)). We recognized in USCOC of Greater Missouri that the balance is tipped and the purpose of the TCA subverted when telecommunication providers are at the mercy of local regulators. Id. at 931-32. As happened to U.S. Cellular, when federal courts do not have the power to mandate the issuance of all building permits contemplated by the federal claim, local regulators can avoid and delay construction of cellular towers by denying approval at subsequent administrative steps. Id. at 932. Accordingly, we concluded that “issuance of the requisite building permits ... arises under the TCA,” id., and assumed on remand that the district court would issue the needed permits to U.S. Cellular, id. at 933.
Based on this policy-driven approach in USCOC of Greater Missouri, there must be at least the possibility that ordering the issuance of all permits could be a necessary remedy here. As in USCOC of Greater Missouri, if requiring the issuance of all other building permits is never a necessary remedy when the denial of a conditional use permit violates the TCA, the Board could issue the conditional use permit, but Franklin County could still delay and prevent the construction of St. Charles Tower’s cellular tower by denying other required building permits. Although the two cases are procedurally distinguishable — USCOC of Greater Missouri addressed whether the failure to issue other permits is redressable under the TCA whereas this case addresses whether requiring the issuance of other permits can be a necessary remedy under the TCA— USCOC of Greater Missouri’s reasoning is not limited to a specific procedural stage. It does not make sense that district courts would have the authority to order the issuance of all permits when the denial of a conditional use permit violates the TCA but cannot actually do so because ordering the issuance of all permits is never a necessary remedy for such a TCA violation. Moreover, in USCOC of Greater Missouri, we specifically contemplated that on remand the district court would order the issuance of all permits necessary “to complete the project at issue.” Id. Accordingly, I conclude that an order requiring the issuance of all permits could be a necessary remedy for the failure to issue a conditional use permit in violation of the TCA.
Perhaps most troubling is the lack of direction the majority’s opinion gives to the district court. In USCOC of Greater Missouri, we reversed the district court’s conclusion that it did not have authority to issue all necessary building permits, whereas in the instant case, we reverse the district court’s order requiring the issuance of all necessary building permits. The cases cannot be distinguished on the facts because in both, a cellular company asked for the issuance of all necessary building permits as a remedy for the Board’s denial of its conditional use permit in violation of the TCA. I am not sure what the district court must do in the future to avoid reversal, with the practical effect being prolonged litigation in contravention of the TCA’s goal of speedy resolutions.
Ultimately, however, I agree with the majority that the portion of the consent judgment compelling Franklin County to issue “any other permits necessary” requires remand to the district court. The district court analyzed the consent judgment exclusively in terms of whether the issuance of the conditional use permit was a necessary remedy for the TCA violation. *275 Because the district court was also obliged to make findings as to whether the issuance of other permits was a necessary remedy, I agree the district court abused its discretion by approving the consent judgment without discussing the need for these additional permits.[12]
Accordingly, I would affirm the district court’s conclusions that there was a TCA violation and that ordering issuance of the conditional use permit was a necessary remedy, and I would remand to the district court solely for a determination of whether requiring the issuance of the additional permits was a necessary remedy under the circumstances.

. Although I think the lack of findings requires remand, I do not fault the district court for not making them. The district court considered whether the consent agreement was a necessary remedy in the context of deciding the Intervenor’s motion for reconsideration. The Intervenors, however, limited their argument to whether the conditional use permit was a necessary remedy.